## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:15-cv-595-GCM

| | | |
|---|---|---|
| **CURTIS STEELE,** | ) | |
| **YOLANDA STEELE,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **CAPITOL ONE HOME LOANS, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e).

Plaintiffs, who are proceeding pro se, filed a Complaint, (Doc. No. 2), and a Request to Proceed

in Forma Pauperis, (Doc. No. 1), on November 18, 2015.  Plaintiffs initially filed this action in

the Southern District of New York, and on December 2, 2015, the Southern District of New

York transferred the action to this Court.  (Doc. No. 4).

Because Plaintiffs seek to proceed in forma pauperis, the Court must review the

Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or

malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In

its frivolity review, this Court must determine whether the Complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

In this action, Plaintiffs Curtis Steele and Yolanda Steele have sued various financial

institutions, purporting to raise numerous claims based on the alleged improper transfer of notes

on Plaintiffs' mortgage loan for Plaintiffs' residence at 548 Moss Stream Lane in Charlotte,

North Carolina.  Plaintiffs challenge Defendants' conduct related to the fact that Plaintiffs'

mortgage loan, like thousands of other mortgage loans during the height of this country's most

recent housing bubble, was sold numerous times during the so-called "mortgage securitization"

process.  Plaintiffs are attempting to challenge Defendants' legal authority to conduct state

foreclosure proceedings against Plaintiffs' residence.  Indeed, as their relief, Plaintiffs seek an

injunction preventing Defendants from selling Plaintiffs' residence though a mortgage

foreclosure action.  (Doc. No. 2 at 5).

The doctrine of res judicata or claim preclusion provides that a final judgment on the

merits in a prior suit bars a second suit involving the same parties or their privies based upon the

same cause of action.  See Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997); Keith v. Aldridge,

900 F.2d 736, 739 (4th Cir. 1990).  Plaintiffs' action is barred by res judicata and claim

preclusion, as they have already litigated and lost an almost identical action in this Court.  In

their previous action, Plaintiffs also challenged the authority of the defendant financial

institutions to foreclose on their Charlotte residence.  See Steele v. Capital One Home Loans,

LLC, 3:13cv704-RJC-DSC (W.D.N.C.).  Plaintiffs originally filed their previous action in

Mecklenburg County Superior Court, and the defendants removed the action to this Court.  On

July 30, 2014, following a motion to dismiss by the defendants, this Court dismissed Plaintiffs'

action with prejudice for failure to state a claim.  See (Order, Doc. Nos. 51; 52).  Plaintiffs

appealed, and on March 10, 2015, the Fourth Circuit Court of Appeals affirmed this Court's

dismissal in an unpublished opinion.  See (Id., Doc. Nos. 55; 56).  This action is, therefore,

barred by res judicata and claim preclusion and will be dismissed.

**IT IS, THEREFORE, ORDERED that:**

1.      Plaintiffs' Request to Proceed in Forma Pauperis, (Doc. No. 1), is **GRANTED** for

the limited purpose of this review.

2.     Plaintiffs' Complaint is **DISMISSED** in its entirety for the reasons stated herein.

The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: December 17, 2015

Graham C. Mullen
United States District Judge